IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ROGER GLEN ROWLAND, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 105-095 |
| ) | (Formerly CR 104-107) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner has filed with this Court a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The matter is now before the Court because the United States of America ("the Government") has filed a motion to dismiss Petitioner's § 2255 motion. (Doc. no. 5). For the reasons explained herein, the Court **REPORTS** and **RECOMMENDS** that the Government's motion be **GRANTED**, that the instant § 2255 motion be **DISMISSED**, and that this civil action be **CLOSED**.

### I. DISCUSSION

A.  **Background**

Pursuant to a negotiated guilty plea, on June 9, 2005, the District Court convicted Petitioner of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), and sentenced him to 72 months of imprisonment. United States v. Rowland, CR 104-107, doc. nos. 12 & 13 (S.D. Ga. June 5, 2005). Petitioner did not appeal, instead timely filing the instant § 2255 motion. (See doc. no. 1). Petitioner argues that his sentence was

erroneously enhanced for possession of a stolen weapon "when in fact there is no proof offered of a stolen weapon." (Id. at 5). In response, the Government has moved to dismiss Petitioner's collateral attack as barred by a valid appeal waiver. (See doc. no. 5). For the following reasons, the Court agrees.

**B.     Relevant Principles of Law**

A waiver of appeal[1] provision is enforceable if the waiver is knowing and voluntary. United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993). "To establish the waiver's validity, the [G]overnment must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." Weaver, 275 F.3d at 1333. If the Government meets this burden in the instant case, then Petitioner's current claims are barred from review.[2] See United States v. Pease, 240 F.3d 938, 942 (11th Cir. 2001) (*per curiam*) (enforcing waiver provision where defendant was specifically questioned during plea proceedings about waiver); United States v. Howle, 166 F.3d 1166, 1168-69 (11th Cir. 1999); United States v. Benitez-Zapata, 131 F.3d 1444, 1146-47 (11th Cir. 1997).

---

[1] By "appeal," the Court here refers to the right to "appeal or contest, directly or collaterally, [a] sentence." Bushert, 997 F.2d at 1345.

[2] To the extent Petitioner's claims can be construed as arising under Apprendi v. New Jersey, 530 U.S. 466 (2000) or United States v. Booker, 543 U.S. 220 (2005), the Court notes that "the right to appeal a sentence based on Apprendi/Booker grounds can be waived in a plea agreement. Broad waiver language covers these grounds of appeal." United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir.), *cert. denied* __ U.S. __, 126 S. Ct. 416 (2005).

2

## C.   Application to the Instant Case

As correctly noted by the Government, Petitioner's plea agreement contained a broad appeal waiver provision, which stated:

> [Petitioner] expressly waives any and all rights . . . to appeal any sentence imposed that is within the statutory maximums . . . [Petitioner] also expressly waives any and all rights to collateral post-conviction attack of the sentence imposed or the voluntariness, providence, or factual basis of the guilty plea entered pursuant to this agreement.

CR 104-107, doc. no. 10, p. 3 (S.D. Ga. Mar. 3, 2005). Furthermore, at the Rule 11 colloquy, the Court specifically cautioned Petitioner that, under the terms of the plea agreement, he had "agreed to waive any and all rights to make an appeal of the sentence that is imposed if the sentence that is imposed is within the statutory maximum" and that he had "also agreed to waive any right to file any post-conviction collateral attack on any sentence that is imposed." CR 104-107, doc. no. 22, pp. 9-10 (hereinafter "Rule 11 Tr."). Petitioner stated that he understood the appeal waiver provision and wished to plead guilty. Id.

The Government has plainly met its burden under Weaver to demonstrate the existence of a valid appeal waiver. Here, Petitioner does not contend that the Court sentenced him in excess of the statutory maximum. He also does not argue that his plea was not knowingly and voluntarily entered. Nor could he do so; "[s]olemn declarations in open court (at the guilty plea hearing) carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Accordingly, Petitioner's § 2255 motion is clearly subject to the appeal waiver and must be dismissed.

Regardless, the Government has correctly noted that, even assuming Petitioner's

3

claim is not barred, it lacks merit. At the Rule 11 hearing, Bureau of Alcohol, Tobacco, and Firearms Agent Randy Beach ("ATF Agent Beach") testified that Petitioner claimed ownership of a firearm seized from his motel room. Rule 11 Tr., pp. 11-12. ATF Agent Beach further testified that his subsequent investigation revealed that the firearm had been reported as stolen a few days before the seizure. Id. at 12-13. Following ATF Agent Beach's testimony, the Court asked Petitioner if he disagreed with anything ATF Agent Beach had said; Petitioner stated, "He is correct, sir." Id. at 14. Accordingly, Petitioner actually admitted the facts supporting application of the enhancement for possession of a stolen firearm. In sum, Petitioner's claim lacks merit and is barred by his valid appeal waiver in any event.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Government's motion (doc. no. 5) be **GRANTED**, that the instant § 2255 motion be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED on this 22nd day of February, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

4